## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| ANCHOR SAVINGS BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95-39C |
| | ) | (Judge Block) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S RULE 60(B) MOTION FOR AWARD OF A TAX GROSS-UP

Pursuant to Rules 6.1 and 7(b) of the Rules of the United States Court of Federal Claims ("Rules" or "Rule"), the United States respectfully requests an enlargement of 42 days, as explained below, in which to respond to Plaintiff's Rule 60(b) Motion for Award of a Tax Gross-Up. The Government's response is currently due July 23, 2010. Government counsel contacted counsel for plaintiff, Anchor Savings Bank, FSB ("Anchor"), regarding this motion, and plaintiff's counsel represented that plaintiff would not consent to the requested enlargement. This is defendant's first request for an enlargement for this purpose.

On June 8, 2010, the Court held a status conference to determine the briefing schedule for deciding the issues remaining after the Federal Circuit remanded the case back to this Court. As part of that conference, the Court ordered that Anchor file its motion for a tax-gross up on June 11, 2010, and that the Government's response be due July 23, 2010.

At the same time that the July 23, 2010 deadline for our response was set, however, we explained, and the Court acknowledged, that it was likely we would need an enlargement of time

to file our response.  Specifically, as part of the same status conference, the parties discussed the complexities of Anchor's gross-up motion, and Anchor's counsel represented that he understood the Government would likely need some form of discovery before responding to Anchor's motion.  Accordingly, Anchor's counsel represented that Anchor would "entertain a reasonable request" for document production.  Tr. 5:24-6:3.[1]  We informed the Court that the July 23 deadline would likely not be adequate for the Government's response in part because the Government would also need to retain and consult with an expert, and the Court indicated that, if we needed additional time, we could request an enlargement.  Tr. 10:23-11:18.

After Anchor's filing on June 11, 2010, we identified and interviewed potential expert witnesses and selected an expert, Mr. Ken Malek from Conway Mackenzie, Inc., in Chicago, Illinois, to assist in preparing our response.  Because of a potential conflict of interest, there was a short delay as the interested parties determined whether Mr. Malek could assist in this case. Despite this delay, in the four and a half weeks since plaintiff's filing, we completed our retention of Mr. Malek, provided him with the background information and materials necessary to understand the nature of plaintiff's claim, and worked with him to identify those documents necessary to properly evaluate and respond to Anchor's $144,345,030 gross-up claim.

We served a document request upon Anchor on July 12, 2010, and requested that Anchor consent to a scheduling order that would require Anchor's compliance with the Government's document request by July 30, 2010.[2]  We also proposed a schedule that would permit an

---

[1]  The cited portions of the transcript from the status conference held June 8, 2010, are attached as Exhibit A.

[2]  A copy of the Government's correspondence dated July 12, 2010, is attached as Exhibit B.

additional five weeks, until September 3, 2010, to review Anchor's document production and to prepare a response to Anchor's motion. We expressly reserved the right to seek an additional enlargement of the proposed September 3, 2010 deadline in the event the Government needed additional discovery, including depositions, to respond to Anchor's motion. We also asked Anchor to agree to a proposed hearing date for Plaintiff's Motion on Remand for Correction of Award of Mitigation Damages.

On July 13, 2010, Anchor responded to our proposed schedule and request for its position regarding an enlargement. Anchor advised us that it would not consent to the proposed schedule.[3] Instead, Anchor requested a conference to discuss the "substance and relevance" of our document requests. We are honoring Anchor's conference request and are currently discussing Anchor's potential objections to the document requests. Anchor's counsel was unable to agree to a proposed hearing date, advising us that counsel of record for the case was on vacation.

Because (1) we need additional time to respond to Anchor's motion, (2) we have worked diligently to date to prepare a response to Anchor's motion, and (3) Anchor has yet to produce any documents for the Government's inspection and has not even indicated that it will produce the requested documents or, if it will produce the documents, when it will do so, we respectfully request an additional forty-two days, up to and including September 3, 2010, in which to respond to Plaintiff's Rule 60(b) Motion for Award of a Tax Gross-Up.

---

[3] A copy of the Anchor's correspondence dated July 13, 2010, is attached as Exhibit C.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director


/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

OF COUNSEL:                                     /s/ Jacob A. Schunk
                                                JACOB A. SCHUNK
SCOTT D. AUSTIN                                 Trial Attorney
SAMEER YERAWADEKAR                              Commercial Litigation Branch
Senior Trial Counsel                            Civil Division
                                                Department of Justice
VINCENT PHILLIPS                                1100 L Street, N.W.
Trial Attorney                                  Attn: Classification Unit, 8th Floor
                                                Washington, D.C. 20530
                                                Tel: (202) 616-0320
                                                Fax: (202) 307-0972

July 14, 2010                                   Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 14th day of July, 2010, a copy of the foregoing

"DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I

understand that notice of this filing will be sent to all parties by operation of the Court's

electronic filing system. Parties may access this filing through the Court's system.

/s/ Jacob A. Schunk
JACOB A. SCHUNK
Trial Attorney
Department of Justice

Exhibit A

1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ANCHOR SAVINGS BANK,           )
                               )
            Plaintiff,         )
                               )
v.                             )   Docket No. 95-39C
                               )
THE UNITED STATES,             )
                               )
            Defendant.         )

Tuesday,
June 8, 2010

<u>Live Tape</u>

(The following transcript was transcribed from a
digital recording provided by the United States Court of
Federal Claims to Heritage Reporting Corporation on
June 11, 2010.)

BEFORE:   HONORABLE LAWRENCE J. BLOCK
          JUDGE

APPEARANCES:

<u>On Behalf of Plaintiff</u>:

EDWIN L. FOUNTAIN, Esquire
Jones Day, et al.
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-3939

Heritage Reporting Corporation
(202) 628-4888

1          THE COURT:  Sure.

2          MR. FOUNTAIN:  The reason why there is a wrinkle

3  in this case, Your Honor will recall, is back in 2008 when

4  the Court issued its trial decision, and told us to go

5  update the gross up calculations from what we had done at

6  trial, at that point the real party in interest was

7  Washington Mutual.

8          THE COURT:  Yes, I do recall.

9          MR. FOUNTAIN:  Right, and so we stipulated, since

10  it was not clear at that time, when Washington Mutual would

11  incur the tax liability, that we would defer the gross up

12  until such time as that could be ascertained.

13          In the meantime, of course, Washington Mutual was

14  seized by the government, and in fact, including this claim

15  and judgment, were sold to J.P. Morgan.

16          THE COURT:  Correct.

17          MR. FOUNTAIN:  There is no dispute that I am aware

18  of that J.P. Morgan is going to earn profits this year and

19  is going to pay the tax on the judgment this year.  That

20  being the case, we think that the Court ought to follow its

21  customary practice, and go ahead and calculate and award the

22  gross up now.

23          So we are prepared to move forward on that on

24  Friday.  I would be prepared to give the government four to

25  six weeks to respond, because they may want some backup

6

1    information from us, and we will entertain a reasonable

2    request for that.  But we think the matter is pretty

3    straightforward.

4            And then the third matter is the bill of costs.

5    These are all compensable costs incurred through trial.  We,

6    per the court's rule, we waited until there was a final non-

7    appealable judgment as represented by the decision of the

8    Federal Circuit, and filed our bill of costs.

9            That has been filed, and we filed that last week,

10   and the government's response in the ordinary course will be

11   due at the end of the month.  The government has moved to

12   strike that on a hypertechnical ground that there is not an

13   appealable judgment because the judgment has been remanded

14   to the Court for further consideration.

15           I am not aware of any law that suspends the

16   consideration of the bill of costs just because there is a

17   remand.  In any case, there is no good reason to wait.

18   Those costs are fixed, and we are the prevailing party, and

19   we see no reason to wait.

20           This case has been going on for 15 years, and the

21   breach occurred over 20 years ago, and we are losing pre-

22   judgment interest on a potentially $450 million judgment,

23   and we want to wrap this thing and bring this thing to a

24   conclusion.

25           THE COURT:  Of course you do, and I assume that

                    Heritage Reporting Corporation
                         (202) 628-4888

1  No, the scheduling order to which the parties agree

2  addresses only the remand issue.  The parties have not

3  agreed --

4          THE COURT:  Okay.  How do the parties suggest that

5  I deal with this?

6          MR. FOUNTAIN:  What I would suggest, Your Honor,

7  is that we put our motion on for the gross up.  It will have

8  the supporting documentation.  It will lay out our position.

9  We can calculate J.P. Morgan's tax rate this year in the

10  same manner that was done at trial.

11          And by the way at trial there was no testimony on

12  it.  It was done by way of an affidavit that our expert

13  witness provided.

14          THE COURT:  That's correct.  I did review that.

15          MR. FOUNTAIN:  And we will put our motion on, and

16  we suggest that the government have six weeks to respond,

17  and then we will reply, and they can raise their arguments

18  as to whether or not it is premature to award the tax gross

19  up.

20          THE COURT:  Okay.  Mr. Schunk, do you agree that

21  is a possible way to deal with these issues?  You will have

22  six weeks, and if you need more time, then ask for it.

23          MR. SCHUNK:  Well, we can certainly start with six

24  weeks.  I mean, what I have got written down here is that we

25  were hoping to have 75 days.  We can start with six weeks,

1 but this is going to take time for the government to consult

2 with other components at Justice regarding this tax lien

3 issue, and to retain an expert to evaluate whatever we are

4 going to receive from the Plaintiffs, which we don't know

5 what that is going to look like yet.

6        THE COURT:  Well, I am going to set six weeks as

7 the deadline for that, and then if you need an enlargement

8 of time if you are running into difficulties, I will have a

9 kind look at that.

10        But for initially I would like to have it at six

11 weeks.  So you are not going to be prejudiced, and if you

12 run into difficulties and you can't hire someone, or you

13 have to run this by Mr. Geitner or something -- I don't

14 know, we will consider more time at that time.   Okay?

15        MR. SCHUNK:  Thank you, Your Honor.

16        THE COURT:  Thank you.  I will issue two

17 scheduling orders, one for what the parties suggest, and one

18 for the gross up.

19        MR. SCHUNK:  Your Honor, this is Jacob Schunk.

20 One more quick issue.

21        THE COURT:  Of course.

22        MR. SCHUNK:  In regard to the cost issue, if we

23 could stay our response to the actual bill of costs until

24 such time as the court rules on our motion to dismiss, and

25 we could potentially have 21 days after the court rules on

Exhibit B



**U.S. Department of Justice**

Civil Division

JED:KMD:JSchunk
154-095-039

Telephone
(202) 616-0320

*Washington, D.C. 20530*

July 12, 2010

**Via Email and Hand Delivery**
Edwin L. Fountain
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001

     Re:    No. 95-39C: <u>Anchor Savings Bank, FSB, v. United States</u>

Dear Mr. Fountain:

     Attached is a request for documents pertaining to your motion for a tax gross-up filed on June 11, 2010. The requested documents concern the state and Federal tax forms and anticipated financial conditions of the successor to Anchor Savings Bank, which we initially requested in May 1998 in a previous request for production of documents. Consequently, we are entitled to the documents pursuant to Rule 26(e) of the Rules of the Court of Federal Claims. Moreover, even had we not previously requested these documents, we need the documents to respond fully to your gross-up motion due to the changes in your client's circumstances since the trial in 2006.

     We intend to file a motion for a modified scheduling order concerning Plaintiff's Rule 60(b) Motion for Award of a Tax Gross-Up and Plaintiff's Motion on Remand for Correction of Award of Mitigation Damages. In our motion, we will seek an order establishing the following dates:

- July 30, 2010:    Due date for plaintiff's response to our requests for the production of documents

- September 3, 2010: Due date for defendant's response to Plaintiff's Rule 60(b) Motion for Award of a Tax Gross-Up

- August 16, 2010:    Hearing date concerning Plaintiff's Motion on Remand for Correction of Award of Mitigation Damages

If, after reviewing your document production, we determine that a deposition or further discovery is necessary to respond fully to your motion for a tax gross-up, we may file a request for an additional modification to the scheduling order.

-2-

Please advise by the end of the day on July 14 whether you consent to our proposed motion.

Very truly yours,

Jacob A. Schunk

Encl.

Exhibit C

# JONES DAY

51 LOUISIANA AVENUE, N.W. · WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 · FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5442
dsclayman@jonesday.com

July 13, 2010

VIA E-MAIL

Jacob A. Schunk, Esq.
U.S. Department of Justice
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington DC 20530

Re:   Anchor Savings Bank v. United States, No. 95-39C

Dear Mr. Schunk:

As per Edwin Fountain's email correspondence to you on July 8, Mr. Fountain is out of the office the entire week, and will not return until July 19. In his absence, I briefly will respond to your letter of July 12, 2010.

First, Anchor filed its eight-page Rule 60(b) Motion for Award of a Tax Gross-Up ("Gross-Up Motion") on June 11, 2010. The Court ordered the government to respond to that Motion by July 23. See Scheduling Order Memorializing Status Conference, June 8, 2010 (Dkt. No. 318). Thus, we are surprised that the Government waited an entire month to first serve Anchor with eighteen Requests for Production of Documents purportedly relating to its Gross-Up Motion, and to request a significant postponement of its response to our pending Motion. Recognizing that Anchor is not entitled to recover pre- or post-judgment interest, this further delay to the resolution of this case, which now has been pending since 1995, is wholly unwarranted.

Second, while we will not consent to your proposed six-week extension (until September 3) to respond to Anchor's Gross-Up Motion, we would like to meet with you as soon as possible this week to discuss the substance and relevance of your Document Requests. After our meeting, we will be in a better position to negotiate a reasonable time frame for responding to your Requests.

Finally, because Mr. Fountain is out of the office this week, I cannot consent to an August 16, 2010 hearing date for Anchor's Motion on Remand for Correction of Award of Mitigation Damages by the close of business tomorrow. Mr. Fountain will respond to your request when he returns to the office on Monday.

WAI-2972342v1

JONES DAY

Jacob A. Schunk, Esq.
July 13, 2010
Page 2

Best regards,

*Debra S Clayman*

Debra S. Clayman

cc:  Edwin L. Fountain
     Adrian Wager-Zito

WA1-2972342v1