## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

ANCHOR SAVINGS BANK FSB,     )
                                         )
                 Plaintiff,     )
                                         )
                 v.                )     No. 95-39C
                                       )     (Judge Block)
THE UNITED STATES,         )
                                         )
              Defendant.     )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S RULE 60(B) MOTION FOR AWARD OF A TAX GROSS-UP

Plaintiff Anchor Savings Bank, FSB ("Anchor") opposes the defendant's request to double the six weeks the defendant already had in which to respond to Anchor's request for a gross-up.  The defendant's request is untimely and unjustified.  Anchor would consent to a two-week extension, to August 6, 2010, to give the defendant time to review materials that Anchor has this date provided in response to the defendant's document requests.

       1.     <u>The defendant's request for an enlargement of time is untimely.</u>  Anchor filed its request for a tax gross-up on June 11, 2010.  The government had six weeks to respond, such that its response brief was due today, July 23.  Rather than respond on time, however, the government waited more than four weeks, until July 12, before first serving a document request on Anchor and requesting an extension, and then serving its Motion for Enlargement only nine days before its response was due.  The government has now apparently engaged in self-help, failing to file its response when due without first obtaining an enlargement of time.

This delay is unwarranted.  The Federal Circuit affirmed judgment in favor of Anchor on March 10, 2010, putting the government on notice that the tax gross-up claim would soon be re-asserted.  And if the government had any doubt that Anchor would promptly seek award of the gross-up, Anchor disclosed its intent to do so at least as early as June 2.  *See* Plaintiff's Statement of Issues for Status Conference, at 3 (June 2, 2010).  The government should have been prepared to file requests for documents soon after Anchor filed its gross-up request on June 11.

The only reason the government cites for its delay in serving these discovery requests is that it first needed to find and retain an expert to evaluate Anchor's claim.  Motion for Enlargement of Time at 2.  It is not clear why the government needed to retain a new tax expert, inasmuch as Professor Paul Griffin has been the Government's tax expert in this case since 2000.  Indeed, as recently as May 2008, Professor Griffin provided the defendant with an expert opinion in response to Anchor's previous request for a tax gross-up, before the parties agreed to defer the gross-up calculation until after appeal.

2.      The defendant's request for a six-week extension is unwarranted.  Anchor was agreeable to giving the government six weeks to respond to its request for a tax gross-up, recognizing that the government might need limited, additional discovery from Anchor.  *See* June 8 Tr. at 5-6.  Anchor did not expect, however, that the Government would wait an entire month before serving Anchor with eighteen separate requests for production of documents.

Many of the government's requests were not relevant, as they were based on some erroneous factual premises.  After receiving the government's document request on July 12, Anchor initiated a meet-and-confer teleconference held on July 16th.  At that conference, Anchor's counsel explained to the government that because JPMorgan Chase acquired the assets of Washington Mutual Bank through a taxable asset acquisition, it did not acquire the tax

- 2 -

attributes of Washington Mutual Bank or Washington Mutual, Inc.  This clarification obviated more than half of the government's document requests.

Other of the government's document requests appear premised on the expectation that JPMorgan Chase allocated some portion of the Washington Mutual asset purchase price to the <u>Anchor</u> judgment, which arguably would have some effect on the taxability of the ultimate award in the case.  In fact, and as will be shown by documents that Anchor is producing to the government, JPMorgan did not specially allocate any portion of the sales price to the <u>Anchor</u> judgment.

In any case, while the government proposed that Anchor respond to its document requests by July 30, Anchor in fact has served its written response and objections, and produced relevant responsive documents, on this date, July 23, 2010.[1]

Should the government require additional information, Anchor suggests that the parties consult informally and work out an appropriate stipulation, rather than going through the time-consuming process of serving overly broad and irrelevant requests for production of documents.

Because most of the factual premises underlying the government's claimed need for expert analysis are inaccurate, and because Anchor has already complied with the government's pertinent document requests, the government has no need for an additional six weeks in which to respond to Anchor's gross-up request.  Anchor would consent to an additional two weeks from the original due date, to August 6, 2010.

---

[1]  At the July 16 meet-and-confer conference, Anchor pointed out that one document request (No. 14) was unintelligible as written, and the government agreed to rephrase it.  The government provided its re-written request No. 14 on July 22, which will require a brief supplemental search for any responsive documents that may exist.

WAI-2973224v2

Dated:  July 23, 2010                            Respectfully submitted,


Of Counsel:                                        __/s/ Edwin L. Fountain_____
George T. Manning                           Edwin L. Fountain
Adrian Wager-Zito                            JONES DAY
Debra S. Clayman                            51 Louisiana Avenue, N.W.
                                                       Washington, DC  20001
                                                       (202) 879-3939 (phone)
                                                       (202) 626-1700 (fax)
                                                       elfountain@jonesday.com

                                                       *Counsel of Record for plaintiff*
                                                       *Anchor Savings Bank*

WAI-2973224v2

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 23rd day of July, 2010, I caused the

foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGEMENT

OF TIME TO FILE RESPONSE TO PLAINTIFF'S RULE 60(B) MOTION FOR AWARD OF

A TAX GROSS-UP to be filed pursuant to the Court's electronic filing system.


_____/s/ Edwin L. Fountain_____