**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANCHOR SAVINGS BANK, FSB, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95-039C |
| | ) | (Judge Block) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S RULE 60(B) MOTION FOR AWARD OF A TAX GROSS-UP**

Defendant, the United States, respectfully submits this reply in support of its motion for an enlargement of time to respond to plaintiff Anchor Savings Bank, FSB's ("Anchor") Rule 60(b) Motion for Award of a Tax Gross-Up.

**ARGUMENT**

Our request for an enlargement of time to respond to plaintiff's tax gross-up motion is warranted, given the complexity of the issues. Further, as plaintiff has not yet concluded its production of relevant documents, we were unable to complete our analysis by the original deadline, nor can we complete it by plaintiff's suggested deadline of August 6.[1] The Court, therefore, should grant our motion for an enlargement of time to and including September 3, 2010.[2]

---

1/ Plaintiff stated that it "would consent to a two-week extension" of time – until August 6 – "to give the defendant time to review materials that Anchor has this date provided in response to the defendant's document requests." Pl. Resp. to Mot. for Enlargement at 1. Plaintiff apparently agrees, therefore, that we require additional time to respond.

2/ As demonstrated in our motion to dismiss, filed contemporaneously with this reply brief, we challenge JPMorgan's standing to bring this claim, let alone seek a tax gross-up. See Def. Mot. to Dism. at 5-9. Based upon the terms of a September 25, 2008 Purchase and Assumption Agreement, it is apparent that JPMorgan never acquired the Anchor claim from the FDIC acting as receiver for Washington Mutual Bank. See id. JPMorgan, therefore, is not the real party in

**I. The Court Recognized The Need For Discovery And Retention Of A New Expert**

Additional time is required for the Government's analysis of JPMorgan's tax gross-up claim. We noted in our motion that the Court acknowledged, at a June 8, 2010 status conference, that it was likely we would need an enlargement of time to file our response. Tr. 10:23-11:18 (June 8, 2010), attached as Ex. A. The Court, however, considered questions as to the need for discovery and additional time for such discovery to be "premature" as of June 8, and stated that the schedule set for the tax gross-up response would allow the Government to raise these issues later. Tr. 9:20-24 (June 8, 2010). As the Court anticipated, our motion explained our need for additional time to conduct discovery and, with the assistance of an expert, analyze plaintiff's tax gross-up claim.

Although plaintiff now asserts that we did not need a new expert witness to analyze the tax gross-up issues, Pl. Resp. to Mot. for Enlargement at 2, we explained at the hearing that we would need to find a new expert, and plaintiff's counsel made no objection at that time. Tr. 9:9-11 (June 8, 2010). Further, although plaintiff claims that we expended too much time locating and hiring an expert, one week of this purported delay was necessary to advise plaintiff's counsel of the expert we had chosen and confirm the existence of a possible conflict and provide plaintiff's counsel with time to respond. See Letter from J. Schunk to E. Fountain (June 22, 2010), attached as Ex. B; Letter from J. Schunk to E. Fountain (June 28, 2010), attached as Ex. C. The Court should, thus, grant our request for an additional six weeks to respond to the tax gross-up motion, given our need for time to retain an expert, confer regarding conflicts with plaintiff's counsel, and conduct discovery.

---

interest and lacks standing to pursue the Anchor claim.

## II. Plaintiff Continues To Produce Documents Responsive To Our Requests For Documents, And This Production, Along With Analysis Of The Documents, Requires A Six-Week Extension Of Time

An extension of time is also warranted given plaintiff's continuing production of documents in response to our requests for documents. Contrary to plaintiff's assertion that it "produced relevant responsive documents" on July 23, it has not provided all relevant documents necessary for our review of the tax gross-up motion, as is made clear by its written responses. Plaintiff has produced only two documents and acknowledges that its response to request No. 14 "will require a brief supplemental search for any responsive documents that may exist." Pl. Resp. to Mot. for Enlargement at 3 n.1. Plaintiff fails to mention, however, additional documents that it is gathering in response to our requests, including documents responsive to Requests No. 7, No. 9, No. 10, No. 14, and No. 16, at a minimum. Pl. Resp. to Def. Requests for Documents at 5-6, attached as Ex. D. Plaintiff has provided no justification for denying us the opportunity to review documents that it may not produce prior to August 6, or limiting our ability to perform a full analysis of these documents.

Plaintiff further asserts that "more than half" of our requests are not relevant because counsel advised us, in a July 16 teleconference that JPMorgan "did not acquire the tax attributes of Washington Mutual Bank or Washington Mutual, Inc." Pl. Resp. to Mot. for Enlargement at 2-3. Plaintiff has, however, apparently misunderstood our document requests and its statement did nothing to diminish the relevance of the requests. Our requests were not related to the "tax attributes of Washington Mutual Bank or Washington Mutual, Inc." Id. Instead, as explained in our revised request No. 14, the requests ask whether the Washington Mutual entities or JPMorgan, or both, would report income from the Anchor awards and what JPMorgan's tax basis in the Anchor claim would be following the alleged asset purchase. Def. Revised Requests

for Documents at 3, 4 (¶¶ 9, 14), attached as Ex. E. Indeed, plaintiff's statement that it would produce documents in response to this request – No. 14 – serves as its acknowledgment that the request is relevant. Pl. Resp. to Def. Revised Requests for Documents at 8, attached as Ex. D. Plaintiff, further, acknowledges that information about the tax basis used by JPMorgan is relevant, as it raises no objection to our Request No. 9, which seeks "supporting analyses, working papers or other documents relating to the allocation of basis for tax and financial statement purposes of the assets and liabilities acquired by JPMorgan Chase or any affiliate from Washington Mutual and Subsidiaries." Pl. Resp. to Def. Requests for Documents at 6, attached as Ex. D.

In sum, the Government cannot respond to plaintiff's claim for a nearly $150 million tax gross-up without additional information – available only to plaintiff – and an analysis of such information by our expert. The Court should allow us additional time to obtain such documents from plaintiff, analyze this information, issue our expert report, and respond to plaintiff's motion.

**CONCLUSION**

For these reasons, the United States requests that the Court grant its motion for an enlargement of time until September 3, 2010, to respond to plaintiff's motion for award of a tax gross-up.

                              Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ Jacob A. Schunk by s/ Amanda L. Tantum
JACOB A. SCHUNK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0320
Fax: (202) 307-0972

OF COUNSEL:
SCOTT D. AUSTIN
SAMEER YERAWADEKAR
Senior Trial Counsel

VINCENT D. PHILLIPS
AMANDA L. TANTUM
Trial Attorneys

August 2, 2010

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of August, 2010, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S RULE 60(B) MOTION FOR AWARD OF A TAX GROSS-UP" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 s/ Jacob A. Schunk by s/ Amanda L. Tantum