# Exhibit E

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANCHOR SAVINGS BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95-039C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REVISED REQUEST FOR
SUPPLEMENTATION OF DEFENDANT'S FIRST PHASE II
CASE-SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 26 of the Rules of the Court of Federal Claims, defendant requests that plaintiff Anchor Savings Bank, FSB, produce for inspection and copying the documents described below. All definitions and instructions set forth in defendant's first phase II case-specific requests for production of documents served on May 12, 1998, are expressly incorporated and apply to these requests.

**DOCUMENTS TO BE PRODUCED**

1.  Any and all computations of any and all income, deductions, gains or losses (including any and all income, deductions, gains or losses on loans, securities, investments, real estate owned, derivatives, financial products, or any other assets or liabilities) on any taxable transfer pursuant to a deemed or actual sale of assets of Washington Mutual and Subsidiaries, pursuant to the transfer of any deposit liabilities and assets of Washington Mutual or any affiliates to JPMorgan Chase or any affiliates (the "Deemed or Actual Sale").

2.  Any and all computations of tax losses originating in 2008 and carryover tax losses into 2008 (either capital or ordinary) and any other favorable tax deduction attributes of Washington Mutual and Subsidiaries that were or would be deductible against any gains recognized on

pursuant to the Deemed or Actual Asset Sale.

3. Any and all computations of tax credits originating in 2008 and carryover tax credits into 2008 allowable as or that would be available for reductions of any income taxes otherwise due on the Deemed or Actual Asset Sale.

4. The US Form 1120 for Washington Mutual and Subsidiaries for calendar 2008 or other tax year ending with any Deemed or Actual Asset Sale.

5. The US Form 1120 for Washington Mutual and Subsidiaries for calendar 2007 or other tax year beginning in 2007 and ending in 2008.

6. Pages one and four and consolidating detail for pages one and four of the JPMorgan Chase US Forms 1120 for years ending in 2008 and 2009, plus any and all tax forms including Forms 8594 and supporting schedules relating to the acquisition of Washington Mutual and Subsidiaries or any part thereof, as well as any and all schedules, analyses, memoranda, agreements, contracts and documents relating to the information reported on such forms.

7. Any and all asset purchase agreements; merger agreements; agreements to allocate, apportion or assign purchase price or any part thereof; or other agreements or documents relating to the acquisition of or allocation or assignment of purchase price for any assets and liabilities of Washington Mutual or its Subsidiaries by JPMorgan Chase or any affiliate.

8. Any and all supporting analyses, working papers or other documents relating to the gain or loss on the Deemed or Actual Asset Sale and the computation of the tax on the Deemed or Actual Asset Sale, after all available credits and deductions.

9. Any and all supporting analyses, working papers or other documents relating to the allocation of basis for tax and financial statement purposes of the assets and liabilities acquired by JPMorgan Chase or any affiliate from Washington Mutual and Subsidiaries.

10. Any and all memoranda or other documents describing, or numerical or other analyses of, the tax treatment to the transferor and any transferee for the acquisition of any assets and liabilities of Washington Mutual and Subsidiaries by JPMorgan Chase and affiliates or the treatment of tax attributes of Washington Mutual and Subsidiaries, used directly or indirectly to support reporting in tax returns, financial statements, footnotes to financial statements, or any reporting in Forms 8-K, 10-K and 10-Q filed by JPMorgan Chase, any affiliate of JPMorgan Chase, Washington Mutual or any affiliate of Washington Mutual.

11. Any and all documents relating to or describing any limitations under §§382, 383 or 384 of the Internal Revenue Code on any tax losses, built-in losses or other favorable tax attributes of any corporations includible in the Forms 1120 of Washington Mutual and Subsidiaries for tax years ending in 2007 or 2008.

12. Any and all documents relating to or describing any limitations under §§382, 383 or 384 of the Internal Revenue Code on any tax losses, built-in losses or other favorable tax attributes of any corporations includible in the Forms 1120 of JPMorgan Chase and Subsidiaries for tax years ending in 2008 and 2009.

13. Any and all documents relating to, analyzing or describing the components of or net increases in the deferred tax assets and net operating loss and tax credit carryforwards reported in footnote 28 of the 2008 JPMorgan Chase Form 10-K.

14. Any and all documents, including memoranda or numerical analysis, addressing any one or more of the following: (1) whether JPMorgan Chase and Subsidiaries or Washington Mutual and Subsidiaries, or both, are the correct taxpayer required to report, for income tax purposes, income from the June 27, 2008 award of $382,430,910.91 to Anchor Bank, income from the July 16, 2008 award of $356,454,910.91 to Anchor Bank, or income from any future award relating to the <u>Anchor Savings Bank, FSB v. United States</u> case; and (2) whether any portion of the June 27, 2008 award, the July 16, 2008 award, or any future award relating to the <u>Anchor Savings Bank, FSB v. United States</u> case should be treated as nontaxable income, capital gain income, or ordinary income.

15. Any and all documents relating to whether Washington Mutual and Subsidiaries and/or JPMorgan Chase and Subsidiaries report their income for tax purposes for tax years beginning in 2008 and later periods on the accrual method of accounting.

16. Any and all documents or analyses relating to the expectation or likelihood, as of any date in 2008 or 2009, of realization of an award at the conclusion of the Anchor Bank v. United States case or the amount thereof.

17. Subject to review of the foregoing, the state income tax returns for tax years ending in 2008 and 2009 of JPMorgan Chase and Subsidiaries and any and all computations of blended effective tax rates reported in the financial statements for such years of JPMorgan Chase and Subsidiaries.

18. Subject to review of the foregoing, the state income tax returns for tax years ending in 2008 and 2009 of Washington Mutual and Subsidiaries and any and all computations of blended effective tax rates for such years of Washington Mutual and Subsidiaries.

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

_Kenneth Dintzer by_ /s/ Alan Hockey
KENNETH M. DINTZER
Assistant Director

OF COUNSEL:

SCOTT D. AUSTIN
SAMEER YERAWADEKAR
Senior Trial Counsel

VINCENT D. PHILLIPS
AMANDA L. TANTUM
Trial Attorneys

July 22, 2010

_Jacob A. Schunk by Amanda L. Tantum_
JACOB A. SCHUNK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
    Attn:  Classification Unit, 8th Floor
Washington, D.C. 20530
Tele:  (202) 616-0320
Fax:   (202) 307-0972

Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of July, 2010, I caused the foregoing "DEFENDANT'S REVISED REQUEST FOR SUPPLEMENTATION OF DEFENDANT'S FIRST PHASE II CASE-SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via hand delivery to the following:

        Edwin L. Fountain
        Jones Day
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001

        */s/ Sean M. Hugg*