IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANCHOR SAVINGS BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95-039C |
| | ) | (Judge Block) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SUR-REPLY WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, respectfully responds to the motion filed by JPMorgan Chase Bank, N.A. ("JPMorgan), for leave to file a sur-reply to defendant's motion to dismiss. We do not object to JPMorgan's motion for leave to file a sur-reply, but request that the Government be given the opportunity to respond to the points raised in the proffered sur-reply. Accordingly, in the event the Court grants JPMorgan's motion, we respectfully request that the Court allow the Government to file the attached response. See Attachment A.

> Respectfully submitted,
>
> MICHAEL F. HERTZ
> Deputy Assistant Attorney General
>
> JEANNE E. DAVIDSON
> Director
>
> s/ Kenneth M. Dintzer
> KENNETH M. DINTZER
> Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>SCOTT D. AUSTIN<br>SAMEER YERAWADEKAR<br>Senior Trial Counsel<br><br>VINCENT D. PHILLIPS<br>AMANDA L. TANTUM<br>Trial Attorneys<br><br><br>November 1, 2010 | s/ Jacob A. Schunk<br>JACOB A. SCHUNK<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>    Attn: Classification Unit, 8th Floor<br>Washington, D.C. 20530<br>Tel: (202) 616-0320<br>Fax: (202) 307-0972<br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jacob A. Schunk

# ATTACHMENT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANCHOR SAVINGS BANK, FSB,   ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. 95-039C |
| ) | (Judge Block) |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY**
**WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, respectfully submits this response to the sur-reply attached to the motion for leave to file a sur-reply filed by JPMorgan Chase Bank, N.A. ("JPMorgan").

## ARGUMENT

JPMorgan's sur-reply primarily restates unpersuasive arguments initially advanced in its response to our motion to dismiss. For example, the first three pages of the sur-reply summarize JPMorgan's previous contention that the purchase and assumption agreement's "plain language" establishes that it acquired the Anchor claim. JPMorgan fails to address, much less rebut, however, our contention that its "plain language" argument is at odds with its own after-the-fact e-mail to the FDIC asking whether the Anchor claim had been transferred to it. See Def. Reply in Support of Its Motion to Dismiss ("Def. Reply") at 11.

JPMorgan also attempts to equate itself with Dime Savings Bank and Washington Mutual Bank, which were successor entities to Anchor Savings Bank, FSB, see Pl. Sur-reply at 1, but those entities obtained the Anchor claim through mergers. JPMorgan could only have acquired the claim through the purchase agreement, and the agreement's text provides that the FDIC

retained ownership over the Anchor claim. See Def. Reply at 3-5. Therefore, JPMorgan's argument is unpersuasive.

JPMorgan next reiterates its previous, incorrect assertion that extrinsic evidence supports its position. JPMorgan attempts to discredit Washington Mutual, Inc's ("WMI's") claim of ownership to the Anchor judgment by pointing out that, "even the DOJ does not seriously believe that WMI has any colorable claim to the Anchor judgment." Pl. Sur-reply at 4. JPMorgan misses the point. The Government filed a motion to dismiss because the purchase and assumption agreement provides that the FDIC, not WMI, retains ownership of the claim. In the bankruptcy proceedings, however, WMI has asserted ownership of the Anchor claim. If Anchor was awarded and paid a judgment, and the bankruptcy court finds that WMI is the rightful owner of the claim, the Government could potentially face two parties seeking payment of the same $356 million judgment. Ownership of the claim must be fully resolved before it can be paid.

JPMorgan also asserts that "a settlement agreement reached in May 2010 does not relate back to and alter facts that existed since September 2008." Pl. Sur-reply at 6. This, however, is an empty assertion given the terms of the proposed agreement, to which JPMorgan is a party. If JPMorgan's assertion is correct, the parties to the settlement agreement could (and should) remove the provision providing for the transfer of the Anchor claim to JPMorgan.

JPMorgan also attempts to avoid the effects of its admitted failure to list the Anchor claim as an asset on its 2008 tax forms. JPMorgan concedes that its 2008 tax forms are incorrect and that JPMorgan must amend its 2008 Form 8594 to reflect purchase of the Anchor claim. Pl. Sur-reply at 8. Nonetheless, JPMorgan asks that the Court allow JPMorgan to proceed as the real party in interest because "complex tax accounting issues" make it impossible for JPMorgan to

amend its tax forms. Pl. Sur-reply at 8. JPMorgan has offered no expert testimony establishing that tax accounting issues make it presently impossible for JPMorgan to amend its tax forms or that it is routine for parties to an acquisition to wait more than three years after the acquisition to amend tax forms to reflect the acquisition's terms. Because JPMorgan concedes that its 2008 tax filings are inaccurate, the Court should not award JPMorgan a $356 million judgment in reliance upon JPMorgan's inchoate plan, at some indeterminate time in the future, to recognize the Anchor claim as an asset in the future.

JPMorgan next repeats its assertion that we did not promptly preserve our rights to argue that it is not the real party in interest in this case because, after the United States Court of Appeals for the Federal Circuit denied our motion to stay, we "did nothing further." Pl. Sur-reply at 8. This claim lacks merit; we promptly raised the issue regarding the validity of JPMorgan's ownership assertion both before this Court and before the Federal Circuit. Def. Reply at 13-14.

Finally, JPMorgan asserts that, notwithstanding the Assignment of Claims Act, it obtained ownership over the Anchor litigation. JPMorgan's attempt at stretching the ratification exemption to include JPMorgan's purported acquisition of the Anchor claim is meritless. See Pl. Sur-reply at 12. First, JPMorgan cannot avoid the requirements of "clear assent" and "affirmative manifestation of the 'meeting of the minds,'" see Def. Reply at 16, because the purchase and assumption agreement "defined the categories of assets that were not transferred[.]" Pl. Sur-reply at 10. JPMorgan's after-the-fact correspondence to the FDIC inquiring whether the Anchor claim transferred demonstrates that the purchase and assumption agreement – which does not list any particular claims by name – cannot be viewed as having "defined the categories of

assets that were not transferred," id., or providing "clear assent" to the assignment of the Anchor claim itself. D & H Distrib. Co. v. United States, 102 F.3d 542, 546 (Fed. Cir. 1996). Second, JPMorgan cites no authority – and there is none – for the assertion that entering into a proposed settlement agreement to transfer a claim demonstrates a ratification of an alleged assignment of that claim over a year earlier. Pl. Sur-reply at 10. A settlement agreement proves nothing more than a willingness to resolve a dispute. Third, JPMorgan fails to explain how correspondence between Government agencies could constitute an "affirmative manifestation of the 'meeting of the minds' between the [purported] assignee and the government." See Banco Bilbao Vizcaya v. United States, 48 Fed. Cl. 29, 34 (2000). Finally, JPMorgan does not (and cannot) show that correspondence from personnel of FDIC-R, which is not the United States, could constitute the Government's ratification. Pl. Sur-reply at 10.

Our reply brief's analysis undermined plaintiff's attempt to broaden an exemption to the Assignment of Claims Act for the transfer of claims in bankruptcy – described in Goodman v. Niblack, 102 U.S. 556 (1880) – to encompass a transfer by the FDIC-R to a purchaser of assets. See Def. Reply at 17-19. JPMorgan chooses not to respond in substance to our reply brief's demonstration, but instead quibbles about whether we addressed two particular decisions, Erwin v. United States, 97 U.S. 392 (1878), and In re DRG Funding Corp. v. Webster, Civ. No. 07-1420, 2008 WL 21164334 (D.D.C. May 20, 2008), cited in its response. Pl. Sur-Reply at 11. Yet, Erwin and DRG – as well as Goodman, which our reply specifically discussed – make the same point about the narrow exemption created by the Supreme Court for the transfer of claims in bankruptcy. Our reply brief demonstrated the inapplicability of this exemption to this case. JPMorgan's sur-reply – including the two dated and non-binding bankruptcy decisions

improperly cited for the first time, In re Pottasch Bros. Co., 11 F. Supp. 275, 277 (S.D.N.Y. 1935), and In re Gerstenzang, 5 F. Supp. 904, 905 (S.D.N.Y. 1933) – do nothing to support JPMorgan's attempt at broadening the application of the bankruptcy scenario to the sale of assets by the FDIC-R.

## **CONCLUSION**

The United States requests that the Court dismiss JPMorgan's claim, but delay dismissal of the action and entry of judgment in defendant's favor until reasonable time has been allowed for the real party in interest to ratify the action. In the alternative, we request that the Court reopen discovery to permit the Government the full opportunity to explore the basis for JPMorgan's factual assertions that it is the rightful owner of the Anchor claim.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

OF COUNSEL:
SCOTT D. AUSTIN
SAMEER YERAWADEKAR
Senior Trial Counsel

VINCENT D. PHILLIPS
AMANDA L. TANTUM
Trial Attorneys

s/ Jacob A. Schunk
JACOB A. SCHUNK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
    Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0320
Fax: (202) 307-0972

November 1, 2010

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                         s/ Jacob A. Schunk